# THE PEOPLE *ex rel.* The Lafayette, Bloomington and Mississippi Railroad Co.

## *v.*

# THE BOARD OF SUPERVISORS OF FORD COUNTY.

MUNICIPAL SUBSCRIPTIONS TO RAILROADS—*of the rate of interest the bonds should bear, in a particular case.* The charter of a railroad company, authorizing municipal subscriptions to its capital stock, provided that if a vote of the people of the municipality to whom the question should be submitted should result in favor of subscription, the proper authorities should issue bonds therefor, "drawing interest at the rate of ten per cent per annum." The preceding portion of the same section, providing for the submission of the question of subscription to the legal voters, contemplated that the propositions submitted to the people should specify the rate of interest the bonds should bear: *Held*, that while, if the propositions submitted to a vote should specify a certain rate of interest, the authorities

would have no power to issue bonds bearing a different rate, yet, where the propositions submitted the question of subscribing stock and issuing bonds therefor to bear not to exceed ten per cent interest, the action of the voters giving the required authority should be construed as an assent to the subscription of stock, to be paid for in bonds bearing the rate of interest prescribed by the act—ten per cent.

This is an application to this court for a writ of *mandamus* to compel the board of supervisors of Ford county, in this State, to issue the bonds of the county to the amount of $142,-000 to the Lafayette, Bloomington and Mississippi Railroad Company. There is no question but that the subscription was regularly voted to the company, but there is a dispute as to the rate of interest the bonds should bear, the relator claiming that they should draw interest at the rate of ten per cent per annum, while the respondents claim they are not bound to issue bonds bearing so high a rate of interest.

Messrs. HIGGINS, SWEET & QUIGG, for the relator.

Mr. CHARLES H. WOOD, for the respondents.

Per CURIAM: The 14th section of the act under which the bonds in this case were voted provides that the bonds, if voted, shall be issued by the proper authorities, "drawing interest at the rate of ten per cent per annum." The preceding portion of the same section provides for the submission to the legal voters of the question of subscription, and the act contemplated that the propositions submitted to the popular vote should specify the rate of interest the bonds were to bear. If these propositions had specified a certain rate, then, according to the established doctrine of this court, the township authorities would have had no power to issue bonds bearing a different rate. But they did not. They submitted to the popular vote the question of subscribing stock and issuing bonds therefor, to bear not to exceed ten per cent interest. The voters gave the required authority, and as they specified

no different rate, and only provided that the bonds should not bear a rate exceeding ten per cent, we must construe their action as an assent to the subscription of stock, to be paid for in bonds bearing the rate of interest prescribed by the act. If they had desired their bonds to bear a less rate, this should have been expressed in the propositions upon which they voted, and then the railroad company could have accepted or rejected the subscription on the proposed terms, as it might think proper. But having prescribed no other rate, and the company having received the subscription, built the road through the county and performed all the other conditions prescribed by the vote, as admitted by the respondents, and the only question made by the respondents being as to the rate of interest, we are of opinion the rate should be ten per cent.

The other question which counsel seek to raise as to the rate the bonds should bear, is not presented by the record.

A peremptory *mandamus* is awarded, requiring the respondents to issue bonds bearing ten per cent interest.

*Mandamus awarded.*